IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT DALE NORMAN, | ) |
| | ) |
| Plaintiff, | )   Case No. CIV-12-663-C |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| ex rel. Veteran's Administration Medical | ) |
| Center, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff filed the present suit on June 11, 2012, alleging that because of Defendant's negligence, his left arm had to be amputated. Plaintiff's suit is brought pursuant to the Federal Tort Claims Act ("FTCA") and seeks damages in excess of $1,000,000. Now before the Court is Defendant's Motion to Dismiss (Dkt. No. 11). Defendant argues that Plaintiff's suit must be dismissed under Fed. R. Civ. P. 12(b)(1)[1] because Plaintiff did not file an affidavit of merit,[2] as required by 12 Okla. Stat. § 19. Under the FTCA, the United States can only be liable for torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because Plaintiff's pleading would be insufficient against a similarly situated private

---

[1] Alternatively, Defendant asks for dismissal pursuant to Rule 12(b)(6).

[2] The affidavit of merit verifies that the plaintiff has consulted with a qualified expert and received a written opinion stating that the facts of the claim reasonably support a finding of malpractice.

party under Oklahoma law, Plaintiff's Complaint is insufficient to support a claim against the United States under the FTCA. Accordingly, the Court must GRANT Defendant's Motion to Dismiss.

Sovereign immunity protects the United States from suit, except to the extent it has waived its immunity. The FTCA operates as a limited waiver of that immunity, providing that the government will be "liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). Accordingly, "the government's 'source of substantive liability under the FTCA' is the law of the place where the allegedly negligent or wrongful act or omission occurred—in this case, [Oklahoma]." Van Dyke v. United States, 457 F. App'x 721, 725-26 (10th Cir. 2012) (quoting FDIC v. Meyer, 510 U.S. 471, 478 (1994)). The Tenth Circuit has held that the certificate-of-review or pre-suit requirements of other states are substantive, and apply to professional negligence actions brought against the United States under the FTCA. See Van Dyke, 457 F. App'x at 725-26 (holding Wyoming's pre-suit claim requirement applicable to FTCA suit for medical malpractice); Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117-18 (10th Cir. 2004) (applying Colorado certificate-of-review statute to FTCA claim for professional negligence). Plaintiff's failure to comply with Oklahoma's affidavit-of-merit requirement would doom a suit against a private party under

Oklahoma law; thus, there is no jurisdiction under the FTCA, and Plaintiff's claim against the United States must be dismissed.[3]

Although the Court concludes that Tenth Circuit precedent requires dismissal, the Court finds that Plaintiff is entitled leave to amend his Complaint, given this Court's earlier rulings on the applicability of 12 Okla. Stat. § 19. In responding to Defendant's Motion to Dismiss, Plaintiff relies on two previous cases from this Court to establish that 12 Okla. Stat. § 19 inappropriately conflicts with Fed. R. Civ. P. 8 and as such cannot apply in federal court. See Spottedcorn v. Advanced Corr. Healthcare, Inc., Case No. CIV-11-1096-C, 2011 WL 6100653 (W.D. Okla. Dec. 7, 2011); Hamilton v. Corr. Healthcare Mgmt. of Okla., Inc., Case No. CIV-11-1-C (W.D. Okla. March 18, 2011) (unpublished). In those cases, the Court recognized the occasional difficulty of distinguishing between substantive and procedural law, but concluded that 12 Okla. Stat. § 19 was a procedural requirement, prescribing an additional pleading requirement, in contradiction to the pleading standards found in Fed. R. Civ. P. 8. See, e.g. Spottedcorn, 2011 WL 6100653 at *1. The Court acknowledged an earlier Tenth Circuit case finding a Colorado certificate-of-review requirement substantive, but distinguished that case on

---

[3] Plaintiff also argues that 12 Okla. Stat. § 19 creates a heightened pleading standard. See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), and Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). However, the invalidated rules in those two cases required a heightened standard for the actual text of the complaint. The Court agrees with Defendant's contention that the Oklahoma statute does not alter the plain and simple body of the Complaint by requiring something to be attached to the Complaint.

the basis that the Colorado certificate had to be filed within 60 days of serving the complaint, rather than actually attached to the pleading. Id. at *1 n.2 (distinguishing Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1537-38 (10th Cir. 1996)).

However, the Court recognizes that the legal landscape has changed. The Tenth Circuit has consistently held that state law requirements for professional negligence claims are substantive requirements that must be met before a plaintiff can bring suit against the United States under the FTCA, most recently in an opinion issued just last year. See Van Dyke, 457 F. App'x at 725-26; see also Hill, 393 F.3d at 1117-18. Continuing to distinguish Oklahoma's affidavit-of-merit requirement on the basis of its attachment to the complaint, rather than submission within a short time, creates a distinction without a difference. This is particularly true in light of Van Dyke's holding that a plaintiff must comply with pre-suit administrative requirements, rather than submission of a certificate or affidavit sometime after the filing of his or her complaint. 457 F. App'x at 725-26. The Court joins the other decisions on this topic, holding that 12 Okla. Stat. § 19 does not conflict with Fed. R. Civ. P. 8. See Howell v. United States, Case No. CIV-12-831-R (W.D. Okla. Oct. 3, 2012) (unpublished); Flud v. U.S. ex rel.

Dep't of Veteran's Affairs, 10-CV-725-GKF-TLW, 2011 WL 2551535 (N.D. Okla. June 27, 2011).[4]

Accordingly, Defendant United States' Motion to Dismiss (Dkt. No. 11) is hereby GRANTED. Plaintiff's suit will be DISMISSED without prejudice unless Plaintiff amends his Complaint to comply with the requirements of 12 Okla. Stat. § 19 within twenty (20) days of the date of this Order.

IT IS SO ORDERED this 4th day of February, 2013.

ROBIN J. CAUTHRON
United States District Judge

---

[4] Because the constitutionality of 12 Okla. Stat. § 19 is better left to the Oklahoma Supreme Court, the Court declines to take up this question.